Porter, J.
delivered the opinion of the court, On the trial of this cause the plaintiff offered to introduce witnesses to prove that his aneestor wras insane at the time of executing the deed of sale, under which the defendants, Johnson & Bradish claim; and that the insa- .. . . nity was notorious.
As no sentence of interdiction had been provoked, in the life time of the vendor, we are opinion the judge did not err in rejecting the evidence offered. Civil Code, art. 16, 80. In Marie vs. Avart's heirs, 10 Martin, 27, this provision was held not to apply to donations, mortis causa, or rather to be controled by another article of the same work, in relation to acts of that description. The applicability *558 of the law, however, to contracts such as that before the court, was, however, not doubted in that case, nor is it doubted now.
East’n District.
May, 1822.
Cuvillier for the plaintiff Grymes for the defendants.
The other matters alleged as a ground of reversal, cannot be examined. Nothing can be assigned as error appearing on the face of the record, but matters of law, which (without the adversary’s consent) could not have been cured by other proceedings in the cause.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.